# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA DYMON, Individually, and as the Administratrix of the Estate of Dariusz Dymon,<br><br>     Plaintiff,<br><br> v.<br><br>EDWARD LAFFAYE and MICHAEL NICOSIA,<br><br>     Defendants. | 3:12-CV-320 (CSH) |

## ORDER

## I. INTRODUCTION

Plaintiff Anna Dymon brings the present wrongful death action as an individual and as the "duly appointed administrat[rix] of the estate of Dariusz Dymon, her husband, who was killed on May 8, 2012, as a result of the [alleged] negligence of the defendants." Doc. #1, ¶ 1. Plaintiff sets forth claims for negligence and loss of consortium, under Conn. Gen. Stat. §§ 52-555a - 555c, arising out of the death of her husband as the result of a motor vehicle accident.[1] She avers that on May 8,

---

[1]Connecticut's wrongful death statute, captioned "Actions for injuries resulting in death," states in pertinent part:

> (a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.

2012 , between exits 13 and 14 of northbound I-95 in Wallingford, Connecticut, her husband stood "behind his vehicle by the guard rail at the side of the roadway" as a serviceman changed his vehicle's flat tire. Doc. #1, ¶ 6.[2]   Plaintiff further alleges that defendants Edward Laffaye and Michael Nicosia operated their individual pick-up trucks in a "combined negligen[t]" fashion, such that Nicosia "fell asleep for a moment," causing his pick-up truck to "sideswipe[] the Dodge pick-up truck . . . being operated by [d]efendant Laffaye," which in turn resulted in Laffaye's truck veering across two lanes of traffic and onto the shoulder of the road, thereby "collid[ing] with the guardrail, the Dymon vehicle and with Dariusz Dymon himself." *Id*., ¶ 9-10.   Due to the injuries he sustained, Dariusz Dymon "subsequently died." *Id*., ¶ 10.


II.   **SUBJECT MATTER JURISDICTION**

A federal court has limited jurisdiction pursuant to Article III of the Constitution.  In order for this Court to exercise subject matter jurisdiction, either (1) plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction,  28 U.S.C. § 1331; or (2) there must be complete diversity of citizenship between plaintiff and all

---

Conn. Gen. Stat. §52-555 (a).

Connecticut's loss of consortium statute is captioned,  "Actions for loss of consortium re death of spouse independent for determination of damages," and provides:

> Any claim or cause of action for loss of consortium by one spouse with respect to
> the death of the other spouse shall be separate from and independent of all claims
> or causes of action for the determination of damages with respect to such death.

Conn. Gen. Stat. § 52-555a.


[2]The designated exit numbers and the town of Wallingford suggest that this incident occurred on I-91, not I-95, but the discrepancy is not material.

defendants and the amount in controversy must exceed $75,000. *Id.* § 1332 (a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806).

The Court has the duty to review a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise the issue of subject matter jurisdiction *sua sponte* at any time); *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). If subject matter jurisdiction is lacking, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

 In her Complaint, plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship  pursuant to 28 U.S.C. § 1332 (a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States").[3]  Specifically, she alleges that defendants Edward Laffaye and Michael Nicosia are citizens of Vermont and Connecticut, respectively. Doc. #1, ¶¶ 2-3. With respect to her own citizenship, plaintiff states that she is "a citizen of the State of Massachusetts." *Id.*, ¶ 1. Plaintiff has not, however, presented the underlying facts upon which she bases her allegations regarding the parties' citizenship.

_____

[3]The Court notes that plaintiff's Complaint sets forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute. Thus, there is no basis for  "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

An individual's citizenship for diversity purposes is determined by his or her *domicile*, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998));  13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).   In assessing diversity, the Court must be apprised of the location where plaintiff and each defendant was *domiciled* at the time this action was filed.[4]

Moreover, because plaintiff has brought her action both as administratrix for her husband's estate, as well as in her individual capacity, in addition to establishing her own domicile (as set forth, *supra*), she must state the  citizenship of her late husband.  For purposes of  diversity jurisdiction, the administratrix of an estate has the *same citizenship as the decedent*.  *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent") (emphasis added); *see also Truck-A-Tune, Inc. v. Re*,  856 F. Supp. 77, 80 (D. Conn. 1993).  It is unclear from the face of the Complaint whether plaintiff bases her citizenship solely on her individual domicile at the time she filed her Complaint or also upon the domicile of

---

[4]*See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction") (emphasis added).   For diversity purposes, an individual's citizenship is determined by his or her domicile.  *Id.* ("Accordingly, it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [defendant]  was a citizen of— *i.e.*, domiciled in, *see, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)—a state other than the state in which [plaintiff corporation] was incorporated and the state in which it had its principal place of business, see 28 U.S.C. § 1332(c)(1), and whether the amount in controversy "exceeds ... $75,000, exclusive of interest and costs," *id.* § 1332(a).).

her late husband.[5]

## III.    <u>CONCLUSION</u>

In light of the foregoing, to resolve any doubt regarding this Court's subject matter jurisdiction, all parties are hereby ORDERED to submit affidavits to the Court, not later than **March 28, 2012**, stating their domicile, and thus citizenship, for purposes of federal diversity jurisdiction. Each party must also serve his or her affidavit on all parties to this action on or before **March 28, 2012.**

Plaintiff, as an individual, and each defendant shall file with the Court an affidavit proclaiming his or her state of citizenship, as determined by his or her domicile, at the time this action commenced. Specifically, each party must each declare: (1) the state in which that party was domiciled and principally established or his or her "true fixed home" and (2) the names, if any, of other states in which he or she had a residence. If there are additional states in which any party maintained a residence, the affidavit must further provide: (a) the location of all residences kept and (b) the approximate length of time spent at each residence.

Furthermore, as administratrix for her late husband, plaintiff is hereby directed to submit an affidavit to the Court setting forth the citizenship of Dariusz Dymon. Specifically, she must state:

---

[5]The Court notes that plaintiff has not designated in which capacity she brings each count (*i.e.*, individual and/or as administratrix). It is likely, however, that she brings her wrongful death claim in her representative capacity and her consortium claim in her individual capacity. *Compare, e.g.*, *Isaac v. Mount Sinai Hospital*, 210 Conn. 721, 725-726 (1989) ("(S)tanding to bring a wrongful death action is . . . conferred only upon an executor or an administrator."); *with Estate of Glorioso v. Town of Burlington Police Dept.*, No. X01CV020168481S. 35 Conn. L. Rptr. 451, 2003 WL 22205972, *4 (Conn. Super. Ct. Sept. 9, 2003) (plaintiff lacked standing to assert loss of consortium claim because she brought suit in representative rather than individual capacity).

(1) the state in which Dariusz Dymon was domiciled and principally established or his "true fixed home" at the time prior to his death and (2) the names, if any, of other states in which said decedent maintained a residence. If there are additional states in which Mr. Dymon maintained a residence, the affidavit must further provide: (a) the location of all residences kept and (b) the approximate length of time spent at each residence.[6]

Upon receipt and review of the aforesaid affidavits, the Court will declare its determination as to whether it in fact has subject matter jurisdiction. Until that time, all preliminary pretrial deadlines are suspended.

It is SO ORDERED.

Dated: New Haven, Connecticut
          March 7, 2012

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

---

[6]Plaintiff need not address damages in her affidavit because she has alleged in her Complaint that she sustained damages "not less than $1,500,000," which is well in excess of the statutory minimum of $75,000 under 28 U.S.C. § 1332 (a).   Doc. #1, p. 3.