## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA DYMON, Individually, and as the Administratrix of the Estate of Dariusz Dymon, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD LAFFAYE and MICHAEL NICOSIA, <br><br> Defendants. | 3:12-CV-320 (CSH) |

### ORDER

**HAIGHT, Senior District Judge:**

I.      **BACKGROUND**

Plaintiff Anna Dymon commenced the present wrongful death action as an individual and as administratrix of the estate of her husband, Dariusz Dymon, who was killed on May 8, 2010, as the result of a motor vehicle accident. In her Complaint, plaintiff set forth claims for negligence and loss of consortium, under Conn. Gen. Stat. §§ 52-555a - 555c, for "injuries resulting in death" due to the combined negligence of the defendants, Edward Laffaye and Michael Nicosia.[1] Doc. #1,

---

[1] Connecticut's wrongful death statute, captioned "Actions for injuries resulting in death," states in pertinent part:

(a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be

¶ 1.  Specifically, plaintiff alleges that on May 8, 2010, her husband was standing at the side of the roadway near the guardrail on "I-[91]," between exits 13 and 14 in Wallingford, Connecticut, as a serviceman changed his vehicle's flat tire.  Doc. #1, ¶ 6.[2]   At that time, defendants Laffaye and Nicosia each allegedly operated his  pickup truck in such a negligent fashion that Laffaye's vehicle consequently struck and fatally injured plaintiff's husband.  Specifically, plaintiff avers that Nicosia "fell asleep for a moment," causing his  pick-up truck to  "sideswipe[] the Dodge pick-up truck . . . being operated by [d]efendant Laffaye," which in turn resulted in Laffaye's truck veering across two lanes of traffic and onto the shoulder of the road, thereby "collid[ing] with the guardrail, the Dymon vehicle and with Dariusz Dymon himself."  *Id*., ¶ 9-10.  Dariusz Dymon "subsequently died" from the serious injuries he sustained.  *Id*., ¶ 10.

## II.    SUBJECT MATTER JURISDICTION

Plaintiff has alleged that subject matter "[j]urisdiction [in this action] is predicated upon 28

---

brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.

Conn. Gen. Stat. §52-555 (a).

Connecticut's loss of consortium statute is captioned,  "Actions for loss of consortium re death of spouse independent for determination of damages," and provides:

Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse shall be separate from and independent of all claims or causes of action for the determination of damages with respect to such death.

Conn. Gen. Stat. § 52-555a.

[2]Plaintiff has indicated that the highway at issue was "I-95."  However, her designation of exit numbers 13 and 14 in the town of Wallingford suggests that this incident actually occurred on I-91.

U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs."   Doc. #1, ¶ 4;  28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –  (1) citizens of different States.").

However, in its Order on March 7, 2012, familiarity with which is assumed, the Court noted that plaintiff's Complaint failed to set forth the underlying facts from which this Court could properly discern the citizenship of the parties and thus confirm the existence of subject matter jurisdiction in this action.[3]  *See* Doc. #5, p. 3.  Specifically, plaintiff failed to provide the relevant *domicile* of each party on March 5, 2012, the date she commenced this action – i.e.,  "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  *See also  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction" and for diversity purposes, an individual is a citizen of the state in which he was "*domiciled*") (emphasis added).

The Court further noted that plaintiff's Complaint set forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute and thus no "federal

---

[3]The Court recognized that the amount of damages sought by plaintiff clearly exceeds the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a) in that she alleges she has sustained damages "not less than $1,500,000." Doc. #5, p. 6 n.6 (citing Doc. #1, p. 3).

3

question" jurisdiction pursuant to 28 U.S.C. § 1331.[4]  Accordingly, if the Court were to determine that no diversity jurisdiction exists, it would be compelled to dismiss the action for lack of subject matter jurisdiction.  *See* Doc. #5, p. 3 & n.3.

Consequently, the Court ordered each of the parties to submit an affidavit to the Court, not later than March 28, 2012, stating his or her domicile, and thus citizenship, for purposes of federal diversity jurisdiction.  *Id.*, p. 5.  Each party was also directed to serve said affidavit on all parties on or before  March 28, 2012.  *Id.*

Both plaintiff and defendant Laffaye filed the requisite affidavits, albeit Laffaye in an untimely fashion, adequately setting forth their citizenship for federal diversity jurisdiction.  Doc. #8, 10.  From these affidavits, the Court has determined that plaintiff, as an individual, was domiciled in South Hadley, Massachusetts when commencing the action and is thus a citizen of Massachusetts.  Doc. #8, p. 1,  para 2.   Moreover, as administratrix, she is also a citizen of Massachusetts because her husband, the decedent, was domiciled there at the time of his death. *Id.*, para. 4. Defendant Laffaye is a citizen of Vermont for purposes of this action in that he was domiciled in Chester, Vermont when this action was filed.  Doc. #10, ¶ 1.   Diversity thus exists between plaintiff and Laffaye.

However, as of the date of this Order, defendant Nicosia has failed to file the mandated affidavit of citizenship.  In fact, despite attesting to receipt of the Complaint, and thus knowledge

---

[4]Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

of the action, by early April 2012, Nicosia  has not filed an appearance.[5]

## III.   <u>CONCLUSION</u>

Generally, "[a] defendant must serve an answer:  (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after  the request for a waiver was sent."[6]   Fed. R. Civ. P. 12(a)(1)(A)(i),(ii).   Pursuant to his "Waiver of the Service of Summons" (Doc. #9),  Nicosia  was granted till June 2, 2012 to respond to plaintiff's Complaint.   Previously, in its Order of  3/7/2012, the Court  temporarily  suspended all pretrial  deadlines to determine the existence of  subject matter jurisdiction in this action and explicitly ordered  all parties to file an affidavit regarding citizenship by March 28, 2012.   At the time Nicosia executed the waiver in early April 2012, he attested to receipt of the Complaint, providing him with notice of the action.   The record does not, however, indicate whether Nicosia received notice of the 3/7/2012 Order (Doc. #5), requiring him to file an affidavit of citizenship for federal diversity purposes.

---

[5]Nicosia executed a  "Waiver of the Service of Summons," pursuant to Fed. R. Civ. P. 4 (d) & (e), acknowledging receipt of the Complaint and agreeing to waive service of summons in this action.  *See* Doc. #9 (filed 4/13/2012).  In the waiver,  Nicosia agreed that he understood that he "must file and serve an answer [to plaintiff's Complaint] or a motion under Rule 12 within 60 days from 04/03/2012."  *Id.*

[6]Federal Rule of Civil Procedure 4(e) describes permissible service upon "an Individual Within a Judicial District of the United States," including:  "following state law for serving a summons . . . where the district court is located or where service is made;" or "delivering a copy of the summons and of the complaint to the individual personally;" "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(1), (2)(A)-(C).  An individual who "is subject to service under Rule 4(e) . . . has a duty to avoid unnecessary expenses of serving the summons," generally by waiving said service.  *Id.* 4(d)(1), (2).

Approximately one month has expired since the date of the waiver of service and Nicosia has not entered an appearance or made any response to the Court's Order (Doc. #5), such that he has neither filed an affidavit of citizenship nor requested an extension of time for good cause. Accordingly, the Court hereby ORDERS defendant Michael Nicosia to enter an appearance and file an affidavit regarding his citizenship **on or before June 8, 2012**.[7] That affidavit must include his domicile (*i.e.*, true and fixed home) on March 5, 2012, the date plaintiff commenced this action. A June 8 deadline should afford Nicosia adequate time to prepare and file his appearance and affidavit in that June 8 exceeds the June 2 deadline by which Nicosia acknowledged that he must answer or respond to the Complaint (via his waiver of service of summons) had the Court not suspended the case deadlines to determine subject matter jurisdiction.

Plaintiff is instructed to serve this Order upon defendant Michael Nicosia at his last known address, in the same manner upon which service of the Complaint was made in this action, on or before **May 18, 2012.**

It is so ORDERED.

Dated: New Haven, Connecticut
May 9, 2012

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

---

[7] If Nicosia fails to appear and file his affidavit of citizenship on or before June 8, 2012, the Court may direct the Clerk to enter a default against him pursuant to Federal Rule of Civil Procedure 55(a). Thereafter, plaintiff may submit a motion for entry of default judgment against Nicosia. *See* Fed. R. Civ. P. 55(b).

6